**Jin ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, United States Attorney General,\* Respondents.**

**Docket No. 03–4851.**

United States Court of Appeals, Second Circuit.

Aug. 30, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Kenneth C. Bauman, Assistant United States Attorney for Karin J. Immergut, United States Attorney for the District of Oregon, Portland, OR, for Respondents.

Present: JACOBS, KATZMANN, and HALL, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is **DENIED** and the decision of the Board of Immigration Appeals is **AFFIRMED**.

Jin Zheng, a native and citizen of the People's Republic of China, petitions this Court for review of an April 16, 2003 order by the Board of Immigration Appeals ("BIA") that summarily affirmed the May 20, 1998 decision of an Immigration Judge ("IJ") ordering Zheng's removal and denying Zheng's applications for asylum and withholding of removal.

We note at the outset that, because the BIA summarily affirmed the IJ's decision, "it is appropriate ... to review the decision of the IJ directly." *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We will therefore review the IJ's factual findings for substantial evidence, deferring to each finding of fact "if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales*, 331 F.3d at 307 (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)); *see also* 8 U.S.C. § 1252(b)(4)(B). When the petitioner challenges a credibility finding made by an IJ and subsequently adopted by the BIA, "we afford 'particular deference' in applying the substantial evidence standard," *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)); that is, we reverse an adverse credibility determination only if "a reasonable fact-finder would be compelled to credit [the petitioner's] testimony." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

Here, the IJ determined that Zheng's testimony was not credible because it "lacks plausible detail and is in direct contradiction to his own documents." We find that the IJ's adverse credibility determination is supported by substantial evidence and that, as a result, substantial evidence likewise supports the IJ's determination that Zheng failed to meet his burden of establishing either past persecution or a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004).

Because we find the petitioner's remaining claims to be without merit, the petition is **DENIED** and the order of the Board of Immigration Appeals is **AFFIRMED**. Additionally, the outstanding motion for a stay of deportation is hereby **DENIED** as moot.